MaddeN, Judge,
delivered the opinion of the court:
' The plaintiff is a non-operating employee of the Alaska Railroad. In our decision in Poggas v. United States, 118 C. Cls. 385, we held that such employees were entitled to the benefits of Section 23 of the Act of March 28, 1934. See also Parmenter v. United States, 125 C. Cls. 35. The plaintiff seeks a final judgment. He has computed the amount which he claims to be due him from employment records furnished to him by the Government, using the formula which the court used in the Poggas case under a stipulation of the parties. The computation produces a figure of $4,776.63, and he originally asked for a judgment for that amount. He now waives the sums of 56 cents and $3.24 to meet objections raised by the Government, and asks for a judgment for $4,772.83.
The remaining objection to the plaintiff’s computation will now be considered. The plaintiff was a painter, and during several periods of his employment he was working at an hourly rate of pay. During one period, which is taken for example, his hourly rate was 85 cents. He was, of course, paid that rate for each of the hours worked, so if he worked eight hours per day on six days of the week, as he often did, he was paid 85 cents times 48. The Government says that all that he has coming to him is half pay for the eight hours beyond the 40 hours prescribed by Section 23 of the 1934 Act. The plaintiff, however, claims, not 42½ cents times eight hours, but $1.53 times eight hours.
We quote Section 23:
The weekly compensation, minus any general percentage reduction which may be prescribed by Act of Congress, for the several trades and occupations, which is set by wage boards or other wage-fixing authorities, shall be reestablished and maintained at rates not lower than necessary to restore the full weekly earnings" of such *799 employees in accordance with the full-time _ weekly earnings under the respective wage schedules in effect on June 1, 1932: Provided, That the regular hours of labor shall not be more than forty per week; and all overtime shall be compensated for at the rate of not less than time and one half.
The plaintiff says that, since 85 cents per hour was the June 1, 1932, wage, he was entitled, after the enactment in 1934 of Section 23, to receive as much for 40 hours work as he had on June 1, 1932, been receiving for 48 hours work. His legal rate of pay, therefore, was not 85 cents per hour, but 20 percent more than that, or $1.02 per hour. He received 48x85 cents, which is equal to 40 X $1.02. At his lawful rate, he was, therefore, only paid for 40 hours of his work, and was paid nothing at all for the eight hours of overtime. Since, according to Section 23, overtime is to be paid for at time and one half, and one and one-half times $1.02 is $1.53, that is the correct figure for his overtime work.
The schedules submitted by the plaintiff, however, show that in some weeks he worked many hours more than 48. As we have indicated, what he was paid for 48 hours, only paid him, according to the requirements of the statute, for 40 hours. But when he worked more than 48 hours, and was paid for the hours worked, the Government is entitled to credit for the amount actually paid, though it was less than the statute required. If, for example, he worked sixty hours, and was paid 85 cents for each of those hours, the Government is entitled as to the last 12 hours, to credit for the 85 cents as against the $1.53 which it should have paid him.
The fact that the plaintiff was, during these periods, employed by the hour seems to us to be of no more significance than the fact that in Townsley v. United States, 101 C. Cls. 237, affirmed 323 U. S. 557, the employee was employed and paid by the month. Section 23 refers to weekly earnings, but Congress must have intended that if employees were employed on some other basis, the translation of their wages to weekly wages would be made in order to apply the act. We have the impression that very few wage-board employees were employed on a weekly basis, and that the statute would have had little application if it had been limited to them.
*800 It will be necessary, either by a hearing or by stipulation, to advise us what the June 1, 1932, rate of pay was for the work which the plaintiff did, and what the plaintiff should have been paid, if he had been paid according to the provisions of the statute as we have interpreted it.
The plaintiff’s motion for summary judgment is denied.
It is so ordered.
Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.