Opinion

per curiam:

In an earlier stage of this case, 131 C. Cls. 797, on a motion by the plaintiff for a summary judgment, we denied the plaintiff’s motion because the record then before us did not contain all the facts necessary to enable us to arrive at a judgment. We said at page 800:
It will be necessary, either by a hearing or by stipulation, to advise us what the June 1,1932, rate of pay was for the work which the plaintiff did, and what the plaintiff should have been paid, if he had been paid according to the provisions of the statute as we have interpreted it.
The parties have presented a stipulation which gives us the necessary information. They have raised certain questions but the only ones which we deem worthy of consideration *792 have been considered and discussed in our former decisions relating to employees of the Alaska Eailroad. See Poggas v. United States, 118 C. Cls. 385, Samples, et al. v. United States, in the case of Cecil Brayford, et al., 135 C. Cls. 548.
As will appear from an examination of the computation summarized in recapitulation 1, referred to under question 1 in finding 5, the parties have submitted a computation showing an amount due plaintiff of $2,660.84. There is included in that computation an allowance for additional straight-time pay as well as for overtime pay, whereas we held in Samples, et al. v. United States, supra, which was subsequent to the time when the stipulation in this case was prepared and filed, that recovery in these cases is limited to overtime pay.
In our finding 9, we have recomputed the recovery allowable in the total amount of $1,183.15, and judgment will be entered in favor of the plaintiff in that amount. It is so ordered.
FINDINGS OF FACT
The court, having considered the facts as stipulated by the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. During the period of his employment by The Alaska Eailroad subsequent to March 28, 1934, Hugh G. Savage worked as a painter and a carpenter. As of June 1, 1932, the monthly compensation of employees in these positions was fixed by Wage Schedule No. 12 of The Alaska Eail-road, which had been issued to be effective April 25, 1929. This fixed the monthly compensation of such employees at the following rates:
Painter — Leading $195. 00
1st Class 175. 00
2nd Class 170.00
Carpenter — 1st Class 185.00
2nd Class 175.00
No hourly rates are set forth in this Wage Schedule for painters or carpenters, since they were monthly employees.
Wage Schedule No. 12 is in evidence as Plaintiff’s Exhibit No. 52 in Poggas v. United States (C. Cls. No. 47652, 118 C. Cls. 385), and is hereby made a part of this finding.
*793 2. A copy of the certification prepared by The Alaska Railroad with respect to the hours of work and rates of pay of Hugh G. Savage subsequent to March 28, 1934, is attached to plaintiff’s motion for summary judgment herein as Exhibit 2,[2] and is hereby made a part of this finding.
3. Since the denial of plaintiff’s motion for summary judgment by this court on April 6, 1954, and as a part of its proof in the allied case of Samples v. United States, C. Cls. No. 48637, defendant has discovered and produced copies of, and the parties have stipulated as to the genuineness of Alaska Railroad General Circular No. 326, dated April 19, 1933, which established a 44-hour week (rather than a 48-hour week) for such of its nonoperating employees, other than clerical and office employees, as worked or were headquartered at Anchorage, Alaska. This 44-hour week remained in effect until January 9, 1943, when supplement No. 1 to General Circular No. 475 substituted for it a 48-hour week. When the 44-hour week was instituted, no adjustment was made in the wages of monthly employees. Until January 1,1946, except for brief periods, plaintiff Savage was a monthly employee, was paid a monthly salary, and was employed or headquartered at Anchorage.
4. In the case of employees paid on a monthly basis, The Alaska Railroad normally made no record of the number of hours they worked each day. During periods when they worked full time, the certified service records provided by the defendant show such employees as having worked 240 hours per month.
5. During the negotiations for this stipulation, a number of questions have arisen which are still in dispute by the parties, and which are hereby submitted to the court for determination. The computations and recapitulations attached hereto as Exhibits 1 and 2, set forth computations of the amount which will be due to plaintiff in accordance with the court’s answers to the disputed questions. In all of the computations attached hereto, if a day of leave or holiday fell on Saturday, unless plaintiff had already during that week worked more than 40 hours, no overtime is claimed. *794 It is hereby stipulated by the parties that the amounts so shown to be due, under the various computations, are arithmetically correct. The disputed questions are as follows:
(1) Under Section 23, is a day of leave, or a holiday, which does not faU on Saturday, to be considered as a day of work in arriving at the basic 40 hours a week, and in computing overtime after such basic week ? To illustrate, normally plaintiff worked 8 hours a day Monday through Friday, and then worked 4 hours on Saturday, that is, 44 hours a week, or 4 hours in excess of the basic 40-hour week; but assume that plaintiff worked 8 hours on Monday, took leave on Tuesday, worked 8 hours Wednesday through Friday, and then worked 4 hours on Saturday. Is he entitled to consider the day of leave as a day of work ? If so, as plaintiff contends, for the hypothetical week he is entitled to count the time from Monday through Friday as the 40-hour basic week, and to claim 4 hours of overtime. If not, as defendant contends, for the hypothetical week, he is not entitled to claim overtime. In the attached computation, Exhibit 1, the amount due has been computed in accordance with the Poggas formula and recorded in typewritten figures in accordance with plaintiff’s contention. This computation is summarized in Recapitulation 1, and shows the amount due as $2,660.84.
(2) Defendant contends that if, during any week, plaintiff took a day of leave or a holiday, so that his actual working time was no more than 40 hours, he is not entitled to overtime even though he worked 4 or more hours on Saturday. Plaintiff contends that, in accordance with Government practice, such a day of paid leave or a paid holiday is to be counted as a day of work in computing the basic 40-hour week.
In Exhibit 1 a computation has been made on the basis of defendant’s contention and recorded in red pencil. This computation, in accordance with defendant’s theory, is summarized in Recapitulation 2, and shows an amount due of $2,261.01.
(3) Defendant contends that, if a paid holiday is to be counted as a day of work in computing the basic 40-hour week, a day of paid leave, whether sick or annual, is not to be so counted.
In Exhibit 1, a computation has been made on the basis of this theory, and recorded in blue pencil. The summary of this computation appears in Recapitulation 3, and shows an amount due or $2,526.33.
*795 (4) Defendant contends that if a day of paid leave is to be counted as a day of work in computing the basic 40-hour week, then a paid holiday is not so to be counted.
In Exhibit 1, a computation has been made on the basis of this theory, and recorded in green pencil. The summary of this computation appears in Recapitulation 4, and shows an amount due of $2,367.77.
6. In computing the amounts due in Exhibit 1 and Recapitulations 1 through 4, the overtime rate of pay has been computed in the manner set forth by this court in its decision on the motion for summary judgment, and in accordance with the formula set forth hi the Poggas case. Defendant does not, by entering into this stipulation, concede that the court was correct in such opinion, or that the court has jurisdiction, under either the pleadings or the applicable statute (63 Stat. 1062) to make such an adjustment. Nor does defendant concede, even assuming that the court is correct and that it has jurisdiction of this issue, that such an adjustment is to be made each time the railroad increased the rates of pay of its employees; it was and is defendant’s position that section 23 of the act of March 28, 1934, supra, required only that an adjustment be made as of that date, and that subsequent increases of compensation made by the railroad were to be treated as fulfilling defendant’s statutory obligation, in whole or in part.
It is plaintiff’s position that the adjustment of wage rates so as to provide the same weekly compensation for a 40-hour week that, as of June 1, 1932, was paid for a 48-hour week, as set forth in the Townsley case (101 C. Cls. 237; 323 U. S. 557), Hearns case (107 C. Cls. 335), Gray case (110 C. Cls. 661), Poggas case (118 C. Cls. 385) and the Savage case (No. 48637, decided April 6,1954), and as approved by the Supreme Court in the Townsley case, supra, is correct, and that this adjustment must be made until it was included in the basic pay, that is, on The Alaska Railroad as of July 1,1945, when Section 203 of the Federal Employees’ Pay Act (59 Stat. 296), was applied to railroad employees.
The computations set forth in Exhibit 2, and the accompanying Recapitulations 1 through 3, are based on this *796 theory of defendant, that is, that in computing overtime due to monthly wage-board employees, it is not necessary to adjust the wage rate on which overtime is computed so that the employee would have received as much for 40 hours’ work, subsequent to the enactment of Section 23, as was being paid as of June 1, 1932, for 48 hours. In Exhibit 2, when plaintiff was paid on a monthly basis, the hourly rate on which overtime is based was computed by multiplying his monthly pay by 12, in order to arrive at an annual wage, and then dividing that annual wage by the number of hours in the year at 48 a week, that is, 52X48=2496; and when plaintiff was paid on an hourly basis, the computation has been made on the basis of hourly rates shown in the wage schedules and paid to plaintiff without adjustment.
Plaintiff does not, by entering into this stipulation, concede that the formula used in Exhibit 2, using the unadjusted hourly rate actually paid, is correct, but takes the position that it is in direct violation of the formula prescribed by section 23 and adopted by this court.
All of the computations designated below are based on the said unadjusted hourly rate actually paid:
(1) In accordance with defendant’s contention that all paid leave and holidays are not to be treated as days worked in computing the basic 40-hour week, the computation recorded on Exhibit 2 in typewritten figures is based on hours of actual work. This computation is summarized in [Recapitulation 1 (Exhibit 2), which shows the amount due plaintiff as $1,842.52.
(2) Defendant contends that, if a paid holiday is to be counted as a day of work in computing the basic 40-hour week, a day of paid leave, whether sick or annual, is not to be so counted.
In Exhibit 2, a computation has been made on the basis of this theory, and recorded in purple pencil. The summary of this computation appears in Recapitulation 2, and shows an amount due of $2,058.47.
(3) Defendant contends that if a day of paid leave is to be counted as a day of work in computing the basic 40-hour week, then a paid holiday is not so to be counted.
In Exhibit 2, a computation has been made on the basis of this theory, and recorded in red pencil. The summary of this computation appears in Recapitulation 3, and shows an amount due of $1,931.43.
*797 7. During all of the period here involved, employees of The Alaska Eailroad were allowed certain holidays. On these days they were not required to work, but were treated as being in a work status for pay purposes. The holidays which were observed during most of this period were:
January 1
February 22
May 30
July 4
Labor Day (first Monday in September)
Thanksgiving Day (last Thursday in November)
December 25
8. On both Exhibits 1 and 2, the hours worked by plaintiff are broken down into weeks ending on Saturday, and hours of work have been computed as of the last Saturday in each month. All changes of rates have been entered during the week when they occurred, and amounts due have been computed at the end of each rate period. Leave of all types, annual, sick and without pay, and holidays have been duly recorded. All amounts actually paid to plaintiff as overtime compensation have been deducted from amounts due.
9. The following tabulation, prepared from the stipulation, shows the straight-time hourly rates paid for each of the periods involved (computed on the basis of monthly salaries paid for those respective periods), the hourly overtime rates, the number of overtime hours worked, the amount earned per hour for overtime above the straight-time hourly rates paid, and the additional amount earned as overtime for each of the periods involved:

*798

*799 CON'CIiUSION’ OF LAW
Upon tbe foregoing findings of fact, which, are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff, Hugh G. Savage, is entitled to recover, and it is therefore adjudged and ordered that he recover of and from the United States the sum of one thousand one hundred eighty-three dollars and fifteen cents ($1,183.15).

 This exhibit as well as all exhibits hereinafter referred to are made a part of the findings in this case.